OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
To establish a prima facie case of negligence, a "plaintiff must generally show that the defendant’s negligence was a substantial cause of the events which produced the injury” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). When an intervening act also contributes to the plaintiff’s injuries, "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant’s negligence” (Derdiarian v Felix Contr. Corp., 51 NY2d, at p 315, supra). Assuming for purposes of this motion for summary judgment that defendants’ alleged negligence— allowing trespassers to gain entry to the pool area and dangerously maintaining the pool by having it filled below capacity *620 and by placing a lifeguard chair near the pool’s shallow end— was a causative factor in plaintiff’s injuries, the reckless conduct of plaintiff, an adult experienced in swimming and knowledgeable about the general dangers of diving, who admitted his familiarity with the various water levels at each part of the pool, yet chose to dive head first from the lifeguard chair into shallow water, was an unforeseeable superseding event that absolves defendants of liability (see, Prosser and Keeton, Torts § 44, at 313-314 [5th ed 1984]; Basso v Miller, 40 NY2d 233, 241 ["foreseeability shall be a measure of (a landowner’s) liability”]). "[W]here only one conclusion may be drawn from the established facts * * * the question of legal cause may be decided as a matter of law” (Derdiarian v Felix Contr. Corp., supra, at p 315).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.