■ KEVIN C. ROBERTS et al., Appellants, v TOWN OF COLCHESTER, Respondent, et al., Defendants.—Mahoney, P. J. Appeal

from an order of the Supreme Court (Harlem, J.), entered January 7, 1987 in Delaware County, which granted defendant Town of Colchester's motion for summary judgment dismissing the complaint against it.

On July 17, 1983, plaintiff Kevin C. Roberts (hereinafter plaintiff) was seriously injured when he dove into the Beaverkill River from the Cooks Falls Bridge, located in the Town of Colchester, Delaware County. Plaintiffs allege that the bridge was owned by the town and the county and was maintained by the town. The land under the bridge was owned by a private individual. At the time of the accident, plaintiff was 31 years old and was an experienced swimmer. Further, he was aware that people commonly swam in the river near the bridge and he was aware that some people dove off the bridge. Testimony in depositions along with affidavits suggest that the town was also aware of these facts. Further, it is alleged that the town formerly maintained an older bridge about 40 to 50 feet downstream from the current bridge. The town discouraged diving off the older bridge and installed a sign prohibiting such. Finally, evidence suggests that the town may have maintained a public swimming area under the bridge, and may also have occasionally provided lifeguards.

Plaintiff and his wife commenced this personal injury action against the town, the county and the individual who owned the land under the bridge. The complaint alleges that the town was negligent in failing to post warning signs and failing to properly maintain, supervise or control the bridge so as to avoid the accident. The town moved for summary judgment dismissing the complaint against it. In its motion, the town did not claim that it did not breach a duty of care owed to plaintiff. Rather, the town's position was simply that its acts or omissions were not the proximate cause of plaintiff's injuries since his own conduct in jumping off the bridge constituted an unforeseeable intervening act. However, Supreme Court concluded that, as a matter of law, the town was not negligent and, even if it was, plaintiff's conduct constituted an intervening act. Since Supreme Court passed on both negligence and proximate cause, and the parties address both issues on this appeal, we will treat the motion for summary judgment as if it had been made on both grounds.

Summary judgment is inappropriate "where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact" (*Phillips v Kantor & Co.*, 31 NY2d 307, 311). Further, for the purposes of a summary

judgment motion, the factual allegations of the opposing party must be deemed true *(Bershaw v Altman,* 100 AD2d 642, 643). Here, whether the town's status is considered as a landowner or the owner of a bridge, it had a duty to exercise reasonable care under the circumstances in maintaining the bridge in a safe condition for those persons, including pedestrians, foreseeably present thereon *(see, Kush v City of Buffalo,* 59 NY2d 26, 29; *Tomassi v Town of Union,* 46 NY2d 91, 97; *Sanford v State of New York,* 94 AD2d 857, 859). Since the presence of a pedestrian on the bridge was entirely foreseeable and since it is likely that some act or omission in the maintenance of the bridge could cause injury to such potential plaintiff, the town owed a duty of care to plaintiff *(see, Kush v City of Buffalo, supra,* at 30; *Mesick v State of New York,* 118 AD2d 214, 217, *lv denied* 68 NY2d 611). The question is whether, as a matter of law, no triable issues of fact exist which a reasonable trier of fact could find establish a breach of such duty of care.

In opposition to the motion for summary judgment, plaintiffs submitted affidavits and deposition testimony indicating that the town was aware that the river near the current and older bridges was used by the public for many years as a swimming and recreation area. Further, such evidence indicated that the town was aware that people jumped into the river from the old bridge and, later, from the new bridge. As noted earlier, the town posted a sign on the old bridge prohibiting diving. In our view, triable issues of fact exist regarding the reasonableness of the town's conduct considering the circumstances.

Finally, Supreme Court held that, as a matter of law, any negligence by the town was not the proximate cause of plaintiff's injuries since his own conduct constituted an intervening cause. The town's position is that plaintiff's act of diving into the river from the bridge absolved it of any negligence. A defendant is relieved of liability where, after his negligence, an unforeseeable superseding force intervenes which breaks the chain of causal connection and itself causes the injury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). A plaintiff's own conduct may be such a superseding force *(see, e.g., Smith v Stark,* 67 NY2d 693, 694; *Boltax v Joy Day Camp,* 67 NY2d 617, 620). However, we have held that: "in order to be a superseding cause, a plaintiff's negligence must be more than mere contributory negligence, which would be relevant in apportioning culpable conduct. Rather, such conduct, in addition to being unforeseeable, must rise to such a level of culpability as to replace the defendant's negligence as the

legal cause of the accident" *(Mesick v State of New York, supra,* at 218).

Here, plaintiffs' evidence in opposition to summary judgment indicates that numerous people used the older bridge and the current bridge to jump or dive into the river. Such evidence also indicates that the town was aware of this. There is also some question as to what danger was observable by plaintiff before he jumped. Thus, it is not certain at this point in the action whether plaintiff would fit more properly into the posture of the plaintiff in *Boltax v Joy Day Camp (supra)* or the plaintiff in *Searles v Town of Horicon* (116 AD2d 93).

Since triable issues of fact exist regarding both the breach and proximate cause elements of plaintiffs' cause of action, it follows that summary judgment was inappropriate.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur. *[See,* 134 Misc 2d 109.]