OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for consideration of issues not reached by that court.
Plaintiff commenced this negligence action against defendant for injuries sustained when he dove into the water at Green Lake in the Town of Orchard Park. Plaintiff argues that defendant was negligent in failing to warn against diving into the lake because the water was too shallow. In addition, plaintiff maintains that defendant was negligent in failing to maintain the bottom of this man-made lake in a manner which preserved what appeared to be its natural slope, and in failing to keep the bottom free of debris including silt, rocks and tree limbs. After a jury trial, plaintiff was found to be 70% liable for his injuries and was awarded $4,500,000 of the total $15,000,000. The Appellate Division reversed and dismissed plaintiff’s complaint concluding that plaintiff’s diving into the water "was an unforeseeable superseding cause barring defendant’s liability” (147 AD2d 974, 975). We now reverse.
Since this was a jury case and the Appellate Division dismissed the complaint as a matter of law, the question before us is whether, considering the evidence in the light most favorable to the plaintiff, it has made out a prima facie case (Lane — Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42). Under such circumstances, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial.” (Cohen v Hallmark Cards, 45 NY2d 493, 499.) If the evidence is such "that it would not be utterly irrational for a jury to reach the result it has determined upon * * * the court may not conclude that the verdict is as a matter of law not supported by the evidence” (id.). Indeed, in the context of a proximate cause determination, *763 this court has stated that "[g]iven the unique nature of the inquiry in each case, it is for the finder of fact to determine legal cause, once the court has been satisfied that a prima facie case has been established” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs., 72 NY2d 632, 636).
Applying these standards of review, there is sufficient evidence in the record from which the jury could have rationally concluded that plaintiff was not aware of the depth of the water at the point he would reach on his dive, and, accordingly, that plaintiff’s conduct was not reckless (see, Denkensohn v Davenport, 75 NY2d 25). For this same reason it cannot be said that plaintiff’s conduct was a superseding act absolving defendant from liability (see, Denkensohn v Davenport, supra, at 36-37; Restatement [Second] of Torts § 443; Derdiarian v Felix Contr. Corp., supra, at 316).
The case should be remitted to the Appellate Division so that it may consider issues which were not reached on the appeal to that court (CPLR 5613).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacos a concur.
Order reversed, with costs, and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.