■ WILLIAM SEARLES, Respondent, v TOWN OF HORICON, Defendant, and JEAN E. KIRVIN et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 27, 1989 in Warren County, which denied a motion by defendants Jean E. Kirvin and Virginia M. Rodford for summary judgment dismissing the complaint against them.

Plaintiff was seriously injured when he dove off a dock on Brant Lake in Warren County, striking his head on the bottom of the lake. He sued defendant Town of Horicon as the owner and operator of the dam regulating the water level of the lake, and defendants Jean E. Kirvin and Virginia M.

Rodford (hereinafter collectively referred to as defendants), two sisters who own the summer camp property from which he dove. This action was before us on a previous appeal, wherein we affirmed the denial of the town's motion for summary judgment dismissing the complaint against it (116 AD2d 93).

On this appeal, defendants similarly urge that summary judgment should have been granted in their favor, on two grounds. The first of these is that, as a matter of law, they lacked any possession and control of the property from which liability on their part could arise. They base this contention on the proof that their father conveyed title to them in 1980, after many years of ownership, with the understanding that he would live on the premises and maintain it for the rest of his life, defendants' responsibility being only to pay the annual property taxes and the cost of insurance. However, there was also proof that both sisters frequently visited the premises and used its facilities with their families, engaging in recreational and other activities there, including participating at the beginning of each summer in the installation of the dock from which plaintiff dove. It can also be inferred from the record that defendants were absolutely free to occupy the property at any time and to invite social guests to it. There is, thus, a triable issue of fact as to whether defendants shared occupation and control with their father sufficiently to give rise to liability for the alleged dangerous condition causing plaintiff's injuries (see, Klotz v Ganz, 296 NY 715, 716-717).

The second ground for dismissal of the complaint advanced here is that plaintiff's superseding recklessness in diving into the lake was the sole proximate cause of his injuries. Again, we disagree. Here, as in *Ziecker v Town of Orchard Park* (75 NY2d 761) and *Denkensohn v Davenport* (75 NY2d 25), a triable issue of fact exists as to whether plaintiff was actually aware of the shallowness of the lake where he dove, in which case his conduct would lack the recklessness to constitute a superseding act absolving defendants from liability.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.