■ BRIAN CULKIN, an Infant, by ROBERT J. CULKIN, His

Father, et al., Appellants, v PARKS AND RECREATION DEPART-
MENT OF THE CITY OF SYRACUSE et al., Respondents.—Order
unanimously affirmed without costs. Memorandum: On June
9, 1976, plaintiff Brian Culkin, age 16 years, was seriously
injured after diving head first off of a trash barrel turned
upside down and placed upon a wooden footbridge that crossed
over Furnace Brook in Elmwood Park, owned by the City of
Syracuse. At the bridge, Furnace Brook was about eight feet
wide and between 3 and 4½ feet deep; however, the brook
contained what plaintiff described as a "big, deep hole" in the
center near the bridge, in which the water was over plaintiff's
head. Furnace Brook was not maintained as a swimming area.
Nonetheless, plaintiff admitted to swimming in the brook
"plenty of times" and had been swimming in the brook for at
least five minutes before his accident. Immediately before the
accident, plaintiff observed one of his friends execute a dive
into the middle of the brook from an overturned trash barrel
that had been placed upon the footbridge over the brook.
Plaintiff asked his friend if he had "hit bottom." When his
friend replied in the negative, plaintiff got on the barrel and
dove into the brook. He was pulled from the water, paralyzed
from the neck down and bleeding severely from a head injury.
Shortly thereafter, he told a police officer that the barrel
moved as he was diving and caused him to land on rocks.

Plaintiff commenced this action against the City of Syracuse
and the City Parks Department alleging negligent mainte-
nance, negligent supervision, and failure to warn. Supreme
Court granted defendants' motion for summary judgment,
holding that plaintiff's own reckless conduct was the supersed-
ing cause of his injuries as a matter of law. We affirm.

Even assuming that the city owed a duty to plaintiff here, to
carry his burden of establishing liability, plaintiff must show
that defendants' negligence was a substantial factor in bring-
ing about his injuries (see, Howard v Poseidon Pools, 72 NY2d
972, 974; Boltax v Joy Day Camp, 67 NY2d 617, 619). Al-
though proximate cause is usually a question of fact, "where
only one conclusion may be drawn from the established facts
* * * the question of legal cause may be decided as a matter
of law" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315,
rearg denied 52 NY2d 784; see also, Howard v Poseidon Pools,
supra, at 974; Boltax v Joy Day Camp, supra, at 620; Valdez v
City of New York, 148 AD2d 697, 698; Belling v Haugh's Pools,
126 AD2d 958, 959, lv denied 70 NY2d 602).

In our view, Supreme Court properly determined that plain-
tiff's own reckless conduct was the sole proximate cause of his

injuries. Unlike *Ziecker v Town of Orchard Park* (75 NY2d 761) and *Coe v Ta-Ga-Soke Campgrounds* (162 AD2d 980), where each plaintiff was unfamiliar with the depth of the water at the point he would reach on his dive, here, plaintiff, having been swimming in this brook on many prior occasions, was aware of the width of the brook, the fact that it was bordered by rocks, and that the water was not over his head except in a deep hole located somewhere near the middle of the creek. Plaintiff's awareness that the dive from the bridge was dangerous is evidenced by his asking the friend who dove before him whether he had "hit bottom." By virtue of his awareness of the conditions of the brook, as well as his own common sense, plaintiff must have known that diving into the brook from the top of an overturned trash can balanced upon a footbridge posed a danger of injury *(Howard v Poseidon Pools, supra,* at 974-975; *Caris v Mele,* 134 AD2d 475, 476).

Additionally, even if it is assumed that defendants' conduct was a causative factor in bringing about plaintiff's injuries, we determine that plaintiff's reckless conduct in using an overturned trash barrel as a diving board to dive into what plaintiff knew was relatively shallow water was an unforeseeable, superseding event sufficient to absolve defendants of liability *(cf., Kriz v Schum,* 75 NY2d 25, 35; *Roberts v Town of Colchester,* 139 AD2d 819, 821). (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.