■ GARY W. CZOSEK et al., Appellants, v SEARS, ROEBUCK &

COMPANY et al., Respondents.—Order and judgment insofar as appealed from unanimously reversed on the law without costs, motions denied and amended complaint reinstated. Memorandum: Plaintiff Gary Czosek sustained serious injuries when he fell about 30 feet from an extension ladder. He was attempting to knock a tree limb from a wire by using a pole saw manufactured by defendant Vermont American Corporation and sold by defendant Sears, Roebuck & Company. The court erred in granting the motions of defendants Vermont American, Sears and Niagara Mohawk Power Corp. for summary judgment and dismissing the complaint because defendants failed to establish their entitlement to summary judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 563). Their argument that plaintiff failed to prove that he suffered an electric shock fails because the initial burden is on the moving parties to show that plaintiff did not suffer an electric shock. Defendants failed to submit any expert opinion evidence or to otherwise prove that contention.

With respect to defendants' alternative argument that, even if plaintiff did receive an electric shock, his own misuse of the pole saw was an intervening, superseding cause, we find that there are issues of fact whether plaintiff's conduct was unforeseeable or so extraordinary as to constitute the sole proximate cause of his injuries (cf., Boltax v Joy Day Camp, 67 NY2d 617).

We further reject defendants Sears' and Vermont American's argument that they had no duty to warn plaintiff of a risk of which he already was aware, i.e., the risk of using a pole saw near live wires; plaintiff testified at his deposition that he knew enough not to touch live wires, but he asserted in an affidavit that he did not know that there was danger in coming close to a live wire. (Appeal from Order and Judgment of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.