■ WILLIAM STOUDENMYRE et al., Respondents, v CHARBONNEAU ROOFING, INC., Appellant. (And a Third-Party Action.)— Levine, J. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered March 26, 1991 in Saratoga County, which denied defendant's motion for summary judgment dismissing the second cause of action of the complaint.

This action was commenced to recover for injuries sustained by plaintiff William Stoudenmyre (hereinafter plaintiff) when he fell approximately 20 feet onto a paved parking lot from a ladder owned by defendant. At the time of the incident in October 1989, plaintiff was an officer and general manager of third-party defendant D & D Automotive/Industrial Supply, Inc. (hereinafter D&D). Upon plaintiff's request, Peter Charbonneau, a representative from defendant, went to D&D for the purpose of preparing a roof repair estimate. While Charbonneau was on the roof performing the estimate, plaintiff climbed the ladder set up by Charbonneau and went onto the roof. Although there are conflicting accounts as to what transpired while plaintiff was on the roof, it is undisputed that plaintiff and Charbonneau spoke briefly and that plaintiff

fell as he started to climb down the ladder, sustaining serious injuries.

Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion to the extent that it dismissed plaintiff's cause of action under Labor Law § 240, but denied the motion with respect to plaintiff's negligence cause of action. This appeal by defendant followed.

We affirm. A review of the parties' submissions on the motion indicates that, at the very least, factual questions remained with regard to whether defendant's allegedly negligent acts and/or omissions were the cause of plaintiff's injuries and the extent, if any, to which plaintiff assumed the risk. Specifically, plaintiff submitted an expert report from an engineer who indicated that the positioning of the ladder, as described by Charbonneau, was at an angle far less than the 75 degrees required for safe use. Plaintiff also submitted the examination before trial testimony of Charbonneau, who stated that he did not secure the ladder in any way. Plaintiff himself, however, was unable to explain precisely how the accident happened, except to state that when he mounted the ladder in order to descend, he heard a clicking noise and the ladder "went out from underneath [him]". Further, plaintiff testified that, although he "checked the cleats" on the bottom of the ladder prior to climbing, he questioned the safety of the ladder before he mounted it to descend, but was assured by Charbonneau that it was safe. Charbonneau denied making any such representation and, in fact, testified that he did not even realize plaintiff was on the ladder until he saw him falling.

In view of the clearly material issues of fact raised by the foregoing proof, summary judgment dismissing the negligence cause of action was properly denied (see, Roberts v Town of Colchester, 139 AD2d 819, 822). As a final matter, we disagree with plaintiff that the imposition of sanctions is warranted in this case.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.