■ ELIZABETH M. TRESTON, Respondent, v THOMAS ALLEGRETTA et al., Defendants, and GERALD PALERMO, INC., Appellant. (And Other Actions.)—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered January 23, 1991, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Plaintiff allegedly sustained personal injuries when she dove into a swimming pool located on the premises of defendant motel. Defendant-appellant, the installer of the pool, contends that plaintiff's own negligence was the sole cause of the accident, but, as questions of fact remain in this regard, summary judgment was properly denied *(see, e.g., Levy v Cascades Operating Corp.,* 289 NY 714; *Kriz v Schum,* 75 NY2d 25). Certainly, at this juncture, there is no reason to discredit plaintiff's assertion that she was unaware that the area into which she dove was unsafe for diving *(cf., Smith v Stark,* 67 NY2d 693). Moreover, since defendant-appellant held itself out as a manufacturer of the pool when it entered into the contract with the motel owners, it may be held liable as such *(see, Commissioners of State Ins. Fund v City Chem. Corp.,* 290 NY 64). On a previous motion for summary judgment by a supplier of components for the pool to dismiss the third-party action brought against it by the wholesale distributor, we held that issues of fact exist as to whether some design or manufacturing flaw in the pool contributed to the event *(Treston v Allegretta,* 166 AD2d 282). These issues of fact have

not been resolved on the record now before us. Concur—
Milonas, J. P., Kupferman, Ross and Rubin, JJ.