■ PETER L. OLSEN, Respondent, v TOWN OF RICHFIELD, Defendant, and COUNTY OF OTSEGO et al., Appellants.—Mahoney, J. Appeal from an order of the Supreme Court (Thomas, J.), entered September 30, 1991 in Otsego County, which denied the motions by defendants County of Otsego, Robert Boss and Jenny Boss for summary judgment dismissing the complaint against them.

In August 1988 plaintiff, 18 years old at the time, sustained

spinal injuries following a dive from the First Arch Bridge in the Town of Richfield, Otsego County, into an area where the creek below formed a natural pool. An experienced swimmer, plaintiff had dove from the bridge hundreds of times without incident and went swimming in the natural pond adjacent to the bridge sometimes several times a day during the summer months. According to him, this accident occurred when his left foot slipped on the concrete bridge platform as he executed the dive which caused him to enter the water at a steeper angle and to make a deeper dive than the usual shallow dive that he performed. He subsequently commenced this action against, among others, the County of Otsego, as owner of the bridge, asserting negligence in failing to take any action to prohibit diving or to post warning signs, and the landowners who owned the creek bed, alleging negligence in failing to post their property against trespassers. Claiming that it had breached no duty to plaintiff and that plaintiff's own actions in diving off the bridge constituted a superseding act of negligence discharging it from liability, the County moved for summary judgment dismissing the complaint against it. The landowners moved for similar relief on grounds that they did not own or control the subject property. Following Supreme Court's denial of both motions, this appeal ensued.

Addressing first the County's motion, we agree that issues of fact exist regarding the County's breach of its duty of care in maintaining the subject bridge in a safe condition and whether plaintiff's conduct was the sole legal cause of this accident. In view of the proximity of this relatively low-lying bridge (approximately 12 to 13 feet above water level) to a known recreational area used by members of the public for swimming, the presence of pedestrians thereon was entirely foreseeable and under prevailing case authority gives rise to a cognizable duty of care owing from the County to such users (see, Roberts v Town of Colchester, 139 AD2d 819, 821; Mesick v State of New York, 118 AD2d 214, 217, lv denied 68 NY2d 611). These circumstances also raise factual questions regarding the reasonableness of the County's action in failing to prohibit jumping or diving from the bridge, either by the erection of no swimming or diving signs or barriers to prevent jumping or diving.

Similarly, we agree that the issue of causation cannot be decided as a matter of law. In negligence actions arising out of diving accidents, it is now clear that the element of causation

can be resolved as a matter of law on a summary judgment motion in two instances: (1) where "the record eliminates any legal cause other than the reckless conduct of the plaintiff" *(Howard v Poseidon Pools,* 72 NY2d 972, 974; *accord, Kriz v Schum,* 75 NY2d 25, 34), and (2) where notwithstanding that a defendant's negligence was a causative factor of the accident, the conduct of the plaintiff was so reckless that it constituted an unforeseeable superseding event sufficient to break the causal chain and thus absolve the defendant of liability *(Kriz v Schum, supra,* at 35). In our view, the County's failure to act to prohibit diving in the area despite its admitted knowledge that the subject site was used as a recreational area, the proximity of the bridge to the area and the low height thereof, accompanied by the fact that there had been a prior injury to a swimmer at the location, creates questions of fact regarding whether the County's derelictions contributed to this accident and removes this case from the first category previously noted *(cf., supra; Ziecker v Town of Orchard Park,* 75 NY2d 761; *Treston v Allegretta,* 180 AD2d 616; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, *lv denied* 77 NY2d 806; *Coe v Ta-Ga-Soke Campgrounds,* 162 AD2d 980). Nor do we believe that plaintiff's act of slipping off the concrete bridge during the execution of a dive was so foreseeable and rises to such a level of culpability so as to replace the County's negligence as the legal cause of this accident as a matter of law. It is clearly foreseeable that a relatively low-lying bridge located adjacent to a known natural pool used by members of the public for swimming would be used as a diving platform and that one's footing could slip as he or she attempted to dive off it *(see, Roberts v Town of Colchester,* 139 AD2d 819, 821, *supra; Mesick v State of New York,* 118 AD2d 214, *supra; cf., Culkin v Parks & Recreation Dept., supra; Boltax v Joy Day Camp,* 113 AD2d 859, *affd* 67 NY2d 617).

Regarding the motion for summary judgment of defendants Robert Boss and Jenny Boss, while there is some evidence in the record that they owned the land adjacent to the bridge and were aware that the bridge was used as a diving platform, because it is clear that they did not own or control the bridge and there is no evidence of their control over the natural pool into which plaintiff dove, they are entitled to summary judgment dismissing the complaint against them *(cf., James v Stark,* 183 AD2d 873; *Searles v Town of Horicon,* 166 AD2d 867).

Weiss, P. J., and Levine, J., concur.

Casey, J. (concurring in part and dissenting in part).

The majority concludes that the presence of pedestrians on the bridge was entirely foreseeable and that defendant County of Otsego owed a duty of care to such users. Plaintiff, however, was not a mere pedestrian on the bridge and he was not injured by a condition which posed any danger to pedestrians. Plaintiff was injured when he dove from the bridge into shallow water and there is no evidence in the record that the County had any knowledge that people dove from the bridge. In *Zmieske v State of New York* (180 AD2d 894, 895), this court explained: "The State's knowledge of use of the bridge for diving put it on notice of the activity. Claimant's presence on the bridge was thus foreseeable and, as such, the State owed a duty of care to claimant." In each of the two cases relied upon by the majority in considering the duty aspect of this case *(Roberts v Town of Colchester,* 139 AD2d 819; *Mesick v State of New York,* 118 AD2d 214, *lv denied* 68 NY2d 611), there was evidence that the defendant was aware of the injury-causing activity prior to the injury. Here, however, the examination before trial of the County's Superintendent of Highways, the County official responsible for maintaining bridges, establishes that the County had no knowledge of the use of the bridge for diving prior to plaintiff's accident. The record contains no evidence to the contrary and, therefore, it is our view that the County cannot be held liable for plaintiff's injuries.

As to the individual defendants, there is some evidence in the record that they owned land adjacent to the bridge and were aware of the use of the bridge for diving. There is, however, no evidence in the record that these defendants had any control over either the bridge from which plaintiff dove or the body of water into which he dove. Accordingly, they are entitled to summary judgment dismissing the complaint against them.

In any event, plaintiff's own reckless conduct was the sole proximate cause of his injuries *(see, Culkin v Parks & Recreation Dept.,* 168 AD2d 912, *lv denied* 77 NY2d 806). To accomplish the dive, plaintiff had to climb over the guardrail of the bridge and stand upon the narrow 6 or 7-inch strip of pavement between the guardrail and the edge of the bridge, an area which was already wet. As plaintiff attempted a shallow dive out into the deepest part of the creek, his foot slipped, causing him to enter the water at a steeper angle

than he had intended, which resulted in his injuries. Plaintiff admitted that he was fully familiar with the creek, its depth and a concrete ledge that stuck out beneath the water, as well as the bridge and the surrounding land above and below the water. Plaintiff testified that he had accomplished the dive from the same spot "hundreds of times" by using a shallow dive into the deepest spot. According to plaintiff, he had roamed every square inch of the area where he dove. He estimated the height of the bridge to be 12 feet above the water, and the pool of deep water was about 10 to 15 feet out from the bridge. The pool was about 7 feet deep, according to plaintiff, but the surrounding water was only 2 to 5 feet deep.

In *Kriz v Schum* (75 NY2d 25), relied upon by the majority, the plaintiff was injured when she slid headfirst down a slide into a swimming pool. In rejecting the defendants' argument on the issue of causation in that case, the Court of Appeals relied upon evidence in the record "that the headfirst belly slide performed by plaintiff was an intended use of the pool slide and therefore foreseeable to defendants" *(supra,* at 35). Here, however, there is no evidence in the record that the dive performed by plaintiff was an intended use of the bridge, which was obviously designed, constructed and maintained for other purposes. In the companion case to *Kriz, Denkensohn v Davenport* (75 NY2d 25), the court did not find any evidence that the plaintiff's dive from the top of a pool slide was an intended use, but summary judgment was found to be inappropriate because "the record does not demonstrate that plaintiff knew the depth of the water into which she dove" *(supra,* at 36; *see, Ziecker v Town of Orchard Park,* 75 NY2d 761, 763; *Coe v Ta-Ga-Soke Campgrounds,* 162 AD2d 980, 981). In contrast to *Denkensohn, Ziecker v Town of Orchard Park (supra)* and *Coe v Ta-Ga-Soke Campgrounds (supra),* the record herein conclusively establishes that plaintiff was fully aware not only of the depth of water into which he dove, but also of the need to make a shallow dive and of the risk of harm inherent in either missing the spot he was aiming for or diving at too sharp an angle. It is our view that the facts of this case fall squarely within the holdings of *Howard v Poseidon Pools* (72 NY2d 972, 974-975), *Smith v Stark* (67 NY2d 693, 694) and *Culkin v Parks & Recreation Dept. (supra,* at 913), which denied recovery to the plaintiffs who were injured when they dove into water they knew to be shallow *(see, Boltax v Joy Day Camp,* 67 NY2d 617, 620).

For all of the foregoing reasons, the County and the individ-

ual defendants are entitled to summary judgment dismissing plaintiff's complaint, and the order denying their motions for such relief should be reversed.

Mercure, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Robert Boss and Jenny Boss; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.