■ AARON WALTER, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. [598 NYS2d 416] —Order reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff sustained severe injuries as the result of his headfirst dive from a bridge into the Salmon River. Defendant, Niagara Mohawk Power Corporation (Niagara Mohawk), controlled the water level of the river through a series of dams. Plaintiff alleged that Niagara Mohawk was negligent in failing to warn of the danger in diving from the bridge and in artificially regulating the water level so that it varied by substantial amounts over short periods of time.

Supreme Court erred in granting defendant's motion for summary judgment. In support of its motion for summary judgment, defendant submitted the affidavit of its Claims Representative, who asserted that no water level change occurred during the period when plaintiff was diving. The affidavit is based upon hearsay and documents not included in the record. Therefore, it is without evidentiary value and is inadequate to support defendant's motion for summary judgment *(see,* CPLR 3212; *Savage v Delacruz,* 100 AD2d 707). The motion should also have been denied on the ground that plaintiff has not had an opportunity, through discovery, to inquire whether the river level had been altered by defendant at the time of the accident *(see,* CPLR 3212 [f]).

Further, plaintiff's act of diving from a bridge into a shallow river, where the flow of water was regulated by defendant, was not "an unforeseeable superseding event" that would absolve defendant of liability *(cf., Howard v Poseidon Pools,* 72

NY2d 972; *Boltax v Joy Day Camp,* 67 NY2d 617, 620; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, *lv denied* 77 NY2d 806; *Valdez v City of New York,* 148 AD2d 697). Although plaintiff was familiar with the area where he was diving, it cannot be said that plaintiff's conduct was the sole proximate cause of his injuries. Plaintiff admitted that he was aware of fluctuations in the water level, but he also maintained that the water had always been deep enough to dive safely in the past and that he believed the river was "up" at the time of his dive. There is no reason to discredit plaintiff's assertions that he was unaware that the river level was unsafe for diving *(see, Treston v Allegretta,* 180 AD2d 616). On this record, it cannot be said as a matter of law that plaintiff's conduct was reckless or that it was the superseding cause of his injury *(see, Olsen v Town of Richfield,* 185 AD2d 542; *Coe v Ta-Ga-Soke Campgrounds,* 162 AD2d 980, 981; *see also, Kriz v Schum,* 75 NY2d 25; *Ziecker v Town of Orchard Park,* 75 NY2d 761; *Kandrach v State of New York,* 188 AD2d 910).

All concur except Lawton and Doerr, JJ., who dissent and vote to affirm in the following Memorandum.

Lawton and Doerr, JJ. (dissenting). We respectfully dissent. In our view, plaintiff's act of diving headfirst from a bridge into a shallow river, the bottom of which was rocky, was "an unforeseeable superseding event" that absolved defendant of liability *(Boltax v Joy Day Camp,* 67 NY2d 617, 620; *see also, Howard v Poseidon Pools,* 72 NY2d 972; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, *lv denied* 77 NY2d 806; *Valdez v City of New York,* 148 AD2d 697).

Plaintiff admitted to being very familiar with the area where the accident occurred. He had been diving from the bridge for five years. He further admitted that he knew the river bottom was rocky and that, on occasion when someone jumped into the water from the bridge, his feet would touch bottom. Plaintiff was also fully aware of the fact that the water level of the river fluctuated, sometimes by as much as five feet on any given day *(cf., Coe v Ta-Ga-Soke Campgrounds,* 162 AD2d 980). Despite that knowledge, plaintiff chose to dive headfirst from the bridge into the river. Under those circumstances, we agree with Supreme Court's conclusion that plaintiff's reckless conduct was the sole proximate cause of his injuries *(see, Howard v Poseidon Pools, supra).* (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.