■ Scott Johnson et al., Respondents, v Bert S. Harrington et al., Appellants. [626 NYS2d 324] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 14, 1994 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Scott Johnson (hereinafter plaintiff) was injured on May 17, 1991 at approximately 10:30 P.M. in the waters of Lake George. Plaintiff sustained serious injuries and was rendered a quadriplegic as a result of entering the water headfirst at the end of defendants' dock and striking his head on rocks contained in a crib bed.

Plaintiff, a self-employed painter and carpenter, had painted defendants' boathouse, deck and dock the year before. Defendants were not satisfied with the color they had chosen and hired plaintiff in April 1991 to repaint the boathouse, deck and dock. The work was to be completed by Memorial Day weekend. Defendants' agreement with plaintiff did not contain any restrictions, prohibitions or warnings regarding entering their property or swimming in the lake.

Prior to arriving at defendants' property on the day in question, plaintiff and a friend went to a local restaurant where plaintiff admitted to consuming 2 to 3 beers while shooting pool. They left the restaurant at approximately 10:00 P.M. and went to defendants' property so that plaintiff could show his friend the site. After an inspection of defendants' boathouse, deck and dock, plaintiff decided to go for a swim. He entered the water headfirst from the end of the 16-foot dock and struck his head on the crib bed. The crib bed was just below water level.

Plaintiffs allege that defendants knew the crib bed was there and that they failed to take any precautions to make the area safer or to warn of the dangerous condition hidden beneath the water. Defendants argue that they owed no duty to plaintiff and, further, that they did not proximately cause plaintiff's injuries. Supreme Court found, *inter alia,* triable issues of fact regarding defendants' failure to warn. We reverse.

Assuming, arguendo, that defendants owed a duty to plain-

tiff, in order to establish liability plaintiffs must show that defendants' negligence was a proximate cause of plaintiff's injuries (see, Howard v Poseidon Pools, 72 NY2d 972, 974; Boltax v Joy Day Camp, 67 NY2d 617, 619). In negligence actions arising out of diving accidents, the element of causation can be resolved as a matter of law when no other legal cause exists other than the reckless conduct of the plaintiff or that the plaintiff's conduct was so reckless as to be an unforeseeable superseding event (see, Olsen v Town of Richfield, 81 NY2d 1024, 1026; see also, Kriz v Schum, 75 NY2d 25, 34-35; Howard v Poseidon Pools, supra).

In the case at bar, plaintiff's decision to proceed headfirst into the lake is found to be reckless conduct. Unlike a well-maintained pool, a lake, especially to someone unfamiliar with its characteristics, poses many common dangers.* Plaintiff expanded those dangers by entering the lake without local knowledge, at night in the darkness. Plaintiff's disregard of his own common sense concerning his safety at the time of the accident was the proximate cause of his injuries (see, Mosher v State of New York, 145 AD2d 682, 683, lv denied 73 NY2d 708).

Mercure, White and Casey, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. In light of the decisions of the Court of Appeals in diving cases (see, e.g., Kriz v Schum, 75 NY2d 25; Denkensohn v Davenport, 75 NY2d 25), I must conclude that Supreme Court properly denied defendants' motion. In reaching this conclusion, it is emphasized that this case is before this Court in the posture of a summary judgment motion. Thus, for defendants to prevail, they were required to establish as a matter of law that the conduct of plaintiff Scott Johnson (hereinafter plaintiff) was reckless or that it was the superseding cause of his injury (see, Kriz v Schum, supra, at 34-35; Coe v Ta-Ga-Soke Campgrounds, 162 AD2d 980). The act of diving into an unknown body of water is not per se reckless conduct. It is true that where a plaintiff is familiar with a particular body of water and is actually aware of its shallowness, that the act of diving has been held to be reckless conduct (see, e.g., Howard v Poseidon Pools, 72 NY2d 972; Boltax v Joy Day Camp, 67 NY2d 617; Culkin v Parks & Recreation Dept., 168 AD2d 912, lv denied 77 NY2d 806). Here, however, it is not disputed that

---

* Lakes contain floating debris (e.g., tree limbs, pieces of docks and decking) and countless hidden underwater perils, and seasonal changes can cause known rock formations to shift.

plaintiff was unaware of the shallow depth of the water in which he dove. Such a lack of awareness, under the circumstances of this case, warrants a denial of summary judgment *(see, Walter v Niagara Mohawk Power Corp.,* 193 AD2d 1065). Nor does the fact that plaintiff's conduct occurred at night in the darkness necessarily make it reckless *(see, e.g., Denkensohn v Davenport, supra).*

It also cannot be said that the act of diving from a landowner's dock is an unforeseeable superseding event that would serve to absolve the landowner of liability *(see, Walter v Niagara Mohawk Power Corp., supra).* Such an act arises out of the foreseeable risks associated with the alleged original negligence, in this case of permitting a man-made obstruction to exist beneath the waters adjacent to the dock without signs indicating the depth of the water or warning against diving *(cf., Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). The fact that plaintiff may have been a trespasser is not a factor *(see, e.g., Boltax v Joy Day Camp, supra).*

Based on the facts presented, I am not convinced that plaintiff's actions constituted such unforeseeable recklessness that it can be said, as a matter of law, that his conduct was the sole proximate cause of the accident *(see, Denkensohn v Davenport,* 144 AD2d 58, 62, *affd* 75 NY2d 25, *supra).* Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.