■ AUGUSTINE NTIM et al., Appellants, v FOREST CITY ASSOCIATES, Respondent. (And a Third-Party Action.) [678 NYS2d 19] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered June 4, 1997, which granted defendant's posttrial motion to set aside the verdict in plaintiffs' favor and directed entry of judgment in defendant's favor dismissing the complaint, unanimously modified, on the law, to delete that portion of the order stating that the dismissal is predicated upon the weight of the evidence and substitute therefor the direction that the verdict be set aside and that judgment be directed in defendant's favor dismissing the complaint by reason of plaintiffs' failure to make out a prima facie case, and otherwise affirmed, without costs.

In this personal injury action involving allegations that plaintiff Augustine Ntim was shot and robbed by two armed assailants in the parking garage where he was employed, the IAS Court properly set aside the jury verdict in favor of plaintiffs since plaintiffs failed to demonstrate that defendant landlord knew, or had reason to know, of prior criminal activity upon the subject premises (*cf., Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). In addition, we note that the trial evidence established conclusively that, contrary to plaintiffs' contention, there was no causal connection between any malfunction in the garage's security gate and the assault upon plaintiff. Even if the gate had been operating properly, plaintiff's assailants would still have gained entry to the garage and thus, the requisite causal link between any negligence and plaintiff's injury would be lacking (*see, Boltax v Joy Day Camp*, 67 NY2d 617, 619).

We modify as indicated above only to conform the order to the IAS Court's decision upon defendant's motion to set aside the verdict, which decision sets forth the proper ground for the dismissal we affirm, namely, that plaintiffs failed to make out a prima facie case. Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.