State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 24, 2014                    517949
_____

MICHAEL TOYRYLA,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL ST. DENIS et al.,
                    Appellants.
_____


Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____


        Law Office of Karen L. Lawrence, Dewitt (Marshall D.
Sweetbaum of Sweetbaum & Sweetbaum, Lake Success, of counsel),
for appellants.

        Williamson, Clune & Stevens, Ithaca (Allan C. VanDeMark of
counsel), for respondent.

_____


Lynch, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered July 30, 2013 in Cortland County, which denied
defendants' motion for summary judgment dismissing the complaint.

        On April 2, 2010, plaintiff was seriously injured when he
dove off a dock at the home of defendants — his sister and
brother-in-law — on Cayuga Lake.  The day was unseasonably warm,
in the mid-80s.  When plaintiff arrived, he joined the other
adults on the dock, while the children went swimming.  The T-
shaped dock had a wooden ladder attached at the top of the T,
facing the shore.  Plaintiff and his wife discussed whether
plaintiff would join her in a "polar plunge," but he declined,
indicating that he did not intend on going in the cold water.

After a brief period, defendants and the children went into the house, leaving plaintiff alone on the dock with his wife, and they ultimately decided to dive into the lake.  Standing on a rung of the wooden ladder just above the water line, they dove toward the shore.  Plaintiff struck his head on the lake bottom, suffering a tragic spinal chord injury that rendered him a quadraplegic.

Plaintiff commenced this negligence action claiming that defendants failed to warn him that the water level in Cayuga Lake was lower in the spring than during the regular summer swim season.  Following depositions, defendants moved for summary judgment dismissing the complaint, contending that they had no duty to warn plaintiff of the water levels since he had stated that he had no intention of going in the water.  Defendants also argued that plaintiff's own reckless conduct was the sole proximate cause of the accident.  Supreme Court denied the motion, and defendants now appeal.

We affirm.  In determining the propriety of the denial of defendants' motion for summary judgment, we view the evidence in the light most favorable to plaintiff, the nonmoving party (see Branham v Loews Orpheum Cimemas, Inc., 8 NY3d 931, 932 [2007]).  In their submissions, defendants explain that Cayuga Lake water levels are seasonably controlled in that the levels are lowered in the fall to account for snowmelt and storm runoff to avoid flooding, and increased in the spring.  Defendants admitted that they were aware of the water fluctuation, while plaintiff and his wife denied having any such knowledge.  There is no dispute that plaintiff frequently swam at defendants' property, and often dove off the dock.  By plaintiff's account, the water was normally about six feet deep near the ladder.  Defendant Michael St. Denis acknowledged that the water level was "pretty low" in April 2010.  Importantly, there is nothing in defendants' submissions to refute the testimony of plaintiff's wife that you could not see the lake bottom on the day of the accident.

A landowner's duty to maintain property in a reasonably safe condition and the duty to warn others of a dangerous condition are distinct obligations (see McDonald v City of Schenectady, 308 AD2d 125, 128 [2003]).  The dangerous condition

alleged by plaintiff here arises out of the reduced water level, not from an unsafe condition on the dock. As a general rule, a landowner's duty to warn people on his or her property of an unsafe condition does not extend to open and obvious dangers (see id. at 126). It is generally foreseeable that people will dive off a dock, and there is no dispute here that diving off defendants' dock was a regular occurrence during the summer swimming season.

The dynamic of this case is that the accident occurred on an unseasonably warm spring day, well before the swimming season would normally commence. With the lake levels reduced, plaintiff's professed expectations of water depth were tragically proven unfounded. Compounding the problem, as explained by plaintiff's wife, was the fact that the water was not clear enough to see the bottom. Despite plaintiff's initial protests about going in the water, the fact remains it was extremely hot, the children had been swimming and plaintiff was wearing swim trunks. Michael St. Denis acknowledged that "[i]t wouldn't have surprised [him] for them to get in the water." Under these circumstances, whether it was foreseeable that plaintiff would dive into the water presents a question of fact for the trier of fact to resolve (see Kriz v Schum, 75 NY2d 25, 34 [1989]). Whether defendants breached their duty of care by failing to inform plaintiff of the reduced water level also remains a question of fact (see Coe v Ta-Ga-Soke Campground, Inc., 162 AD2d 980, 981 [1990]). Correspondingly, a triable issue of fact remains as to whether plaintiff was actually aware of the depth of the water and dove in reckless disregard of his own safety. As such, his conduct cannot be characterized as a superseding cause as a matter of law (see Ziecker v Town of Orchard Park, 75 NY2d 761, 763 [1989]; Kriz v Schum, 75 NY2d at 36; Searles v Town of Horicon, 166 AD2d 867, 868 [1990]; compare Tkeshelashvili v State of New York, 18 NY3d 199, 206 [2011]; Johnson v Harrington, 215 AD2d 857, 858 [1995], lv denied 87 NY2d 802 [1995]). Accordingly, defendants' motion for summary judgment was properly denied.

Lahtinen, J.P., McCarthy, Garry and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court