ELIZABETH WIEGEL, Respondent, *v.* HENRY L. M. MOGK, both
Individually and as Administrator, etc., of WILLIAM MOGK,
Deceased, and Others, Defendants.

TIMOTHY Y. BROWN, both Individually and as Executor, etc., of
EPHRAIM D. BROWN, Deceased, and Others, Appellants.

*Partition — real estate of a firm — amendment of an answer setting up the Statute
of Limitations as against payments of taxes by the continuing partner, refused.*

In an action to partition certain real estate, which had formerly belonged to a
firm, one of whose members had withdrawn, and, by an informal instrument,
insufficient to transfer the title to the real estate, had, for a valuable consid-
eration, attempted to convey his interest in the firm property to his copartner,
who, for a period of some twenty years, had paid the taxes and assessments upon
the property, the heirs of the retired partner, after acquiescing in this action of
the continuing partner, will not be allowed to amend their answer so as to set
up the Statute of Limitations as to such payments of taxes and assessments,
made more than six or more than ten years prior to the commencement of the
action.

APPEAL by the defendants, Timothy Y. Brown, both individually
and as executor, etc., of Ephraim D. Brown, deceased, and others,
from an order of the Supreme Court, made at the Kings County
Special Term and entered in the office of the clerk of the county of
Kings on the 25th day of October, 1899, denying their motion for
leave to serve an amended answer.

*Edgar J. Nathan* [*Michael H. Cardozo* with him on the brief],
for the appellants.

*Robert H. Wilson*, for the respondent.

GOODRICH, P. J.:

The action is for the partition of certain lots formerly belonging
to the firm of Mogk & Brown. In 1877 Brown withdrew from the
partnership, and in consideration of $1,000 sold his interest in the
firm property to Mogk by an informal instrument which was not
sufficient to transfer the title of the real estate. He died in 1877.
From that time down to the time of his death in 1896, Mogk treated
the property as his own, paying the taxes and assessments, and his
heirs have paid them since to the amount of several thousand dollars.

The property was unproductive. In 1896 an action was commenced by the heirs of Mogk to have the title in the lots declared to be solely in them, but this action was discontinued for the reason already referred to, and the present action, to which all the heirs of Mogk and Brown are parties, was commenced to partition the lots on the allegation that the heirs of Mogk and Brown were tenants in common of an undivided half of the lots, with a prayer for an accounting as to the amount paid by Mogk and his heirs for taxes and assessments, and the amount apportioned to the owners of each interest. A reference having been ordered, testimony was taken as to the making of such payments for a period of about twenty years. The heirs of Brown applied to the referee and afterward to the Special Term to amend their answer so as to set up the Statute of Limitations as to payments made more than six or ten years prior to the commencement of the action. The court denied the motion on the ground that "The amendment proposed would not be in furtherance of justice;" and from this order the present appeal is taken.

There is nothing to raise any doubt that until the death of Mogk the lots were treated by him as his property, and no dissent from this belief appears on the part of the heirs of Brown. Under the circumstances it would seem inequitable to permit such heirs, whether adult or infant, to avoid their share of the burdens which, by their silent acquiescence, have been assumed and borne by Mogk and his heirs. The Brown heirs, by our affirmance of the order, will be compelled to pay only what under their own theory of ownership they should have paid before.

It is not necessary to consider the question of *laches*. The order was one peculiarly within the discretion of the court, and we are not disposed to interfere with what seems to have been a proper exercise of such discretion.

The order should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.