■ JOHN B. BURNS et al., Respondents, v. CITY OF BINGHAMTON, NEW YORK, Defendant, and BINGHAMTON HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. AVELLA CONSTRUCTION CO. INC., et al., Third-Party Defendants-Respondents.— Appeal from an order of the Supreme Court, Broome County, denying the appellant's motion for leave to amend its answer and from judgments of the same court dismissing appellant's third-party complaints. On February 4, 1968 the plaintiffs-respondents were allegedly injured while attending an open house for the public at a public housing project owned by the appellant. Plaintiffs-respondents filed a notice of claim within 90 days but did not commence their action until April 15, 1969 and appellant now moves to amend its answer to plead the defense that the actions are barred by section 157 of the Public Housing Law. Special Term denied the motion on the basis of the denial of a prior motion and in the interests of justice. The prior motion was brought to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 5) on the grounds that the action was not timely as required by section 157 of the Public Housing Law " and for such other and further relief as to the court may seem just and proper ". In denying the motion Special Term stated in part: " This court has considered the argument advanced by defendant's counsel and set forth on page 3284, vol. 4 of New York Civil Practice by Weinstein, Korn & Miller, to the effect that regardless of § 3211(5) of the CPLR, a court might allow an amendment to the answer to include the defense of the Statute of Limitations, but, of course, this would be discretionary. By reason of the fact that the defendant received a timely Notice

of Claim, it has not been prejudiced. To dismiss the complaint at this late date or to allow an amendment to the answer and thereby circumvent § 3211(5) of the CPLR, would be prejudicial and unfair to the plaintiffs." Special Term's denial of the motion was in turn affirmed by this court (36 A D 2d 1004). It is thus clear that on the prior motion the question of amendment of the answer was considered and expressly denied. Moreover, on the instant record we can find no basis to disturb Special Term's discretionary denial of the motion to amend made some two and one-half years after the commencement of the action. (*Motyl* v. *Motyl*, 35 A D 2d 1051, 1052; *Wiegel* v. *Mogk*, 46 App. Div. 190.) As to the dismissal of the appellant's third-party actions, Special Term properly permitted dismissal on the basis of section 157 of the Public Housing Law which is available to the third-party defendants even though it is no longer available to the appellant (*Marrone* v. *Johnson & Sons*, 283 App. Div. 1114; see, also, *Lewis* v. *Borg-Warner Corp.*, 35 A D 2d 722). Order and judgments affirmed, with costs. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.