■ Todd A. Mosher, Appellant, v State of New York, Respondent.—Yesawich, Jr., J. Appeal from a judgment in favor of the State, entered April 13, 1987, upon a decision of the Court of Claims (Hanifin, J.).

Claimant was grievously injured when he ran down a beach and into a gradually downward-sloping sand-bottom swimming area at Gilbert Lake State Park in Otsego County up to a depth of 18 to 24 inches where he dove in. Shortly upon entering the water he hit something hard with his head, causing a lot of pain to his neck; the accident rendered claimant a quadriplegic, with no use of his legs and only 20% to 30% normal functioning of his hands. A prompt search of the accident area, conducted by the lifeguards in attendance, revealed no obstructions in the water or on the lake bottom.

Claimant brought this action, alleging negligence on the part of the State which owned, operated and maintained the park. After a two-week trial, the Court of Claims dismissed the claim, finding that claimant had failed to prove that the State had breached any duty owed him. On appeal, claimant

urges that the Court of Claims misapprehended the evidence in the record and asserts that he is entitled to an award on a theory pursued at trial, viz., that the State breached its duty to maintain the swimming area in a safe condition by failing to post a sign prohibiting shallow-water dives and neglecting to train its lifeguards to prevent such dives despite having notice that dives of that nature are more dangerous than the public generally realizes. Even assuming, arguendo, that the State had such an obligation, it cannot be said that the State's conduct rather than that of claimant caused the accident *(see generally, Howard v Poseidon Pools,* 72 NY2d 972; *Boltax v Joy Day Camp,* 67 NY2d 617).

The reasonable import of the expert testimony adduced at trial is that claimant's running prior to making the shallow-water dive created the force necessary to cause his catastrophic injury. Claimant acknowledged seeing a sign at the park prohibiting running on the beach and racing, splashing or jousting in the water, and the lifeguards all testified that they reprimanded swimmers who sprinted into the water. Given claimant's failure to comply with the existing proscription against running, it is doubtful that additional signs or more uniform reaction by the lifeguards, as to when, in terms of the speed of the runners, the lifeguards should have used their whistles or otherwise reprimanded those running into the water, would have prevented claimant's conduct. Moreover, claimant admitted knowing that diving in shallow water is dangerous and that water depth should be ascertained before undertaking to dive. In short, claimant's failure to obey existing rules and his disregard of his own common sense with respect to the water depth when he dove were the proximate causes of his tragic misfortune *(see, Howard v Poseidon Pools, supra).*

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.