■ LARRY ZIECKER, Respondent, v TOWN OF ORCHARD PARK, Appellant, et al., Defendants. (Appeal No. 1.)—Judgment reversed on the law without costs and complaint dismissed. Memorandum: On July 4, 1976 plaintiff, who was then a few weeks short of his eighteenth birthday, and several friends went swimming at Green Lake in the Town of Orchard

Park. Plaintiff ran into the water until it reached his knees, then dove forward into approximately 2 to 2½ feet of water. He struck his head on the sandy bottom and sustained injuries that rendered him a quadriplegic.

Plaintiff commenced a negligence action against the town and others. After a jury trial, he was found to be 70% liable for his injuries and was awarded $4,500,000 of the total $15,000,000 award. We reverse.

Plaintiff argues that the town had a duty to warn bathers of the danger of diving into the shallow water. Even if we assume, however, that such duty existed, we find that plaintiff's reckless conduct was, as a matter of law, the sole proximate cause of his injury. Proximate cause is defined as that " 'which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred.' *Rider v. Syracuse Rapid Transit Ry. Co.*, 171 N.Y. 139, 147 * * *. Where the actual cause of the injury is undisputed, the question of whether the defendant's negligence was the proximate cause of plaintiff's injury is a question of law for the court. *See Rivera v. City of New York,* 11 N.Y.2d 856, 857 * * *; *see also Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 315". *(Caraballo v United States,* 830 F2d 19, 22.) Here, as in *Caraballo,* it was not defendant's failure to post signs or supervise adequately that caused plaintiff's injury. It was his own act—diving into 2½ feet of water—which was an unforeseeable superseding cause barring defendant's liability *(see, Howard v Poseidon Pools,* 72 NY2d 972; *Boltax v Joy Day Camp,* 67 NY2d 617).

All concur, except Pine and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Pine and Davis, JJ. (dissenting). We dissent and vote to affirm. The court did not err in refusing to rule as a matter of law that plaintiff's act of diving into shallow water at Green Lake was the sole proximate cause of the accident. The majority's reliance on the notion of an unforeseeable superseding cause as the sole proximate cause of plaintiff's injury is inappropriate in this case because plaintiff's dive into shallow water was not unforeseeable. The record reflects that, although no signs prohibited diving, there was an unwritten rule that diving was prohibited in the shallow water. There was also evidence that many divers had done surface dives in the shallow water. The evidence as to the type of dive executed by plaintiff in this case was conflicting.

A distinction must be drawn between superseding fault and

comparative fault (see, Mesick v State of New York, 118 AD2d 214, lv denied 68 NY2d 611). Plaintiff was a minor on his first visit to this lake. That people would attempt to dive in shallow water was clearly known to the town, and we conclude that the jury was properly permitted to consider comparative fault in this case. (Appeal from judgment of Supreme Court, Erie County, Fallon, J.—negligence.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.