■ Adam Coe, Appellant, v Ta-Ga-Soke Campgrounds, Inc., et al., Respondents.—Order unanimously reversed on the law without costs, defendants' motion for summary judgment denied and complaint reinstated. Memorandum: After being injured in a diving accident, plaintiff commenced this action alleging that defendants were negligent in failing to warn him

against diving into a shallow creek from a dock on or adjacent to defendants' premises. Defendants moved for summary judgment dismissing the complaint on the ground that, as a matter of law, the sole proximate cause of plaintiff's injury was his own reckless conduct in diving into shallow water. Plaintiff opposed the motion, arguing that there are triable questions of fact with respect to the issues of recklessness and causation. Plaintiff contended that his acts could not be deemed reckless as a matter of law, and that, although he was familiar with the site, he did not know the depth of the water because defendants failed to warn him that the water level of the creek fluctuated dramatically from day to day. Relying principally on our decision in *Ziecker v Town of Orchard Park* (147 AD2d 974), the court held that the unforeseeable, superseding cause of the accident was plaintiff's reckless conduct in diving into the water. Accordingly, the court granted summary judgment in favor of defendants. Plaintiff now appeals.

In view of recent decisions by the Court of Appeals in diving cases, including a reversal of the decision of this court in *Ziecker (supra; Kriz v Schum,* 75 NY2d 25; *Denkensohn v Davenport,* 75 NY2d 25; *Ziecker v Town of Orchard Park,* 75 NY2d 761, *revg* 147 AD2d 974, *supra),* we conclude that the order must be reversed, defendants' motion denied, and the complaint reinstated. In the cited cases, the Court of Appeals addressed similar recklessness/causation arguments advanced by defendants. In *Kriz* and *Denkensohn* the court held that such defense did not entitle defendants to summary disposition of plaintiff's failure to warn claims. In *Ziecker* the court reversed our holding that plaintiff's reckless conduct was the superseding cause of the injury. Inasmuch as there is no meaningful distinction between this case and the cited cases in terms of plaintiff's age and experience, and especially considering plaintiff's lack of awareness of the fluctuating water level, we reach a similar conclusion here. On this record, it cannot be said as a matter of law that plaintiff's conduct was reckless or that it was the superseding cause of his injury *(Ziecker v Town of Orchard Park, supra,* at 763; *Kriz v Schum, supra,* at 36). Those issues must be determined by the trier of fact.

We have considered defendants' claims that they are entitled to punitive sanctions and to the dismissal of the complaint against the individual defendants, and conclude that they are without merit. (Appeal from order of Supreme Court, Oneida County, Tenney, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.