OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and defendant County of Otsego’s motion for summary
 
 *1026
 
 judgment dismissing the complaint granted. The certified question should be answered in the affirmative.
 

 This case involves injuries sustained by an 18 year old after he dove into a shallow creek from a bridge owned by defendant County. Defendant’s submissions on its motion for summary judgment to dismiss the injured plaintiff’s case support no other conclusion than that the sole legal cause of the accident was plaintiff’s reckless conduct
 
 (see, Howard v Poseidon Pools,
 
 72 NY2d 972, 974). Plaintiff’s own deposition admissions establish that he knew that the water level in the creek fluctuated, and that he had "roamed every * * * square inch of [the creek]” to determine where the deepest water was. He knew there was only a narrow-target of deep water entry that he had to hit precisely on the dive. Plaintiff’s familiarity with the body of water into which he dove is also supported by his statements that he had jumped off the arch since he was 12 or 13 years old, and had done so "more than hundreds of times.” Plaintiff’s testimony adds that he knew prior to the accident that diving from the arch required a "shallow dive”; that on the day of the accident he failed to execute the injury-producing dive at the precise angle required to safely complete it; that he recognized the hazard created by the platform below the bridge; and that if "you fell off the bridge or something, you could get hurt real bad.”
 

 Accordingly, on this record, the sole legal cause of plaintiff’s injuries was his own reckless conduct in attempting that dive. Since that is entirely dispositive of the case, we need not reach whether triable issues exist concerning the County’s alleged breach of duty relating to maintenance of the bridge or posting of warnings at the site
 
 (see, Boltax v Joy Day Camp,
 
 67 NY2d 617, 619-620).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur in memorandum; Judge Hancock, Jr., dissents and votes to affirm for the reasons stated in the memorandum of the Appellate Division (185 AD2d 542).
 

 Order reversed, etc.