■ ERNEST LIONARONS et al., Appellants, v GENERAL ELECTRIC COMPANY et al., Respondents. [626 NYS2d 321] —Mikoll, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 7, 1994 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims.

On July 10, 1988 at about 2:00 P.M., plaintiff Ernest Lionarons (hereinafter plaintiff), then age 24, was picnicking with his wife, plaintiff Jacquelyn Lionarons, and their then 1½-year-old son on property along the Kaydeross Creek in the Town of Milton, Saratoga County. Plaintiff had never been to the creek before this date and was visiting the area at the invitation of a friend. On one side of the creek in the area in question the land is owned by the Federal Government and occupied by defendant General Electric Company (hereinafter GE) and its subsidiary, defendant Knolls Atomic Power Laboratory (hereinafter Knolls), also known as the Kesserling test site. On the opposite bank is land owned by defendants Richard L. Boice, Raymond W. Boice, Robert A. Boice and Joan H. Willey (hereinafter collectively referred to as the Boices).

After enjoying one beer and wading in the creek with his son for approximately 15 minutes and observing some of the 50 or so people in the area diving from a wooden plank (hereinafter the diving board) nailed to a tree about 20 feet

above the ground, plaintiff decided to do some diving. Plaintiff then investigated the water depth by swimming to the bottom of the creek immediately under the diving board to make sure he could dive safely. He found the water depth under the diving board to be about 9 to 10 feet.

Plaintiff climbed the tree, stepped out onto the diving board and observed an apparent pool of deep water immediately beneath it. It appeared to be a darker green than the adjoining water. He was aware that the water to his left was minimal since that was the area of the embankment. Plaintiff jumped on the diving board to gain momentum for his dive, became aware that it was "springy" and changed his dive in midair in an attempt to land farther from the shore, where he assumed the water was deeper. However, plaintiff ended up hitting the water where it was only two feet deep, causing his back to break upon impact and rendering him a paraplegic.

Plaintiffs thereafter commenced the instant personal injury action. Following some discovery, GE and Knolls moved for summary judgment dismissing the complaint. The Boices also moved for such summary relief and for dismissal of the cross claims asserted against them by GE and Knolls. Supreme Court granted defendants' motions and dismissed the complaint and all cross claims.

On this appeal, plaintiffs argue that Supreme Court improperly dismissed their complaint because issues of fact exist as to whether the Boices negligently breached their duty of care to plaintiffs by allowing the diving board to remain on their property when they were aware of its presence and of its regular use by various people. Plaintiffs also claim that a question of fact exists as to the negligence of GE and Knolls in maintaining a trash can on their side of the creek, thereby implicitly inviting people to use their land for recreational purposes. We disagree. The order of Supreme Court should be affirmed.

The parties do not dispute the factual circumstances leading to plaintiff's injuries and, as only one conclusion may be drawn from those facts, Supreme Court could properly decide the question of proximate cause as a matter of law (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see also, Culkin v Parks & Recreation Dept., 168 AD2d 912, 913, lv denied 77 NY2d 806). Although the Boices may have been negligent in permitting trespassers to use their property for swimming and diving, and GE and Knolls may have been negligent in maintaining a trash can on their property, it was

plaintiff's own reckless dive headfirst into an area of water which he could only assume was of sufficient depth that constituted an unforeseeable superseding event relieving defendants of liability *(see, Olsen v Town of Richfield,* 81 NY2d 1024, 1026; *Kriz v Schum,* 75 NY2d 25, 35; *Howard v Poseidon Pools,* 72 NY2d 972, 974; *Mosher v State of New York,* 145 AD2d 682, 683, *lv denied* 73 NY2d 708). Significantly, plaintiff was an experienced 24-year-old swimmer who was well aware of the hazards inherent in diving in natural settings similar to the accident site. He admitted observing from the diving board gradations in water color while on the diving board, which differentiated the deep water areas from the shallow areas. He also failed to ascertain the reaction of the diving board before making a dive that required a degree of precision. Supreme Court's conclusion that plaintiff's high dive into the shallow creek was a superseding act of negligence absolving defendants of any negligent conduct was not improper *(see, Olsen v Town of Richfield, supra,* at 1026; *Boltax v Joy Day Camp,* 67 NY2d 617, 619-620; *see also, Sciangula v Mancuso,* 204 AD2d 708, 709).

Casey and Yesawich Jr., JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. We agree with the proposition that if the intervening acts of plaintiff Ernest Lionarons (hereinafter plaintiff) were so extraordinary as to be unforeseeable in the normal course of events, defendants would be absolved of liability *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). In our view, however, the record here simply does not permit such a finding as a matter of law.

The Court of Appeals has given some guidance as to what kind of acts serve to absolve a defendant of liability for what otherwise would be actionable negligence. Where the acts are those of the plaintiff, as opposed to a third party, the Court has instructed that they must be of such nature as to be in wanton disregard for the plaintiff's own well-being. For instance, in *Olsen v Town of Richfield* (81 NY2d 1024), the plaintiff was injured when he dove off a bridge into a shallow creek. The plaintiff, having been swimming and diving at the location for some five or six years, knew there was only a narrow target that he had to hit precisely on his dive. Indeed, he knew that diving from the bridge required a shallow dive and that failing to dive at exactly the required angle would result in injury. The Court of Appeals found that in those circumstances, the plaintiff's decision to dive constituted a reckless disregard for his own safety, which was an intervening unforeseeable cause absolving the defendant of liability.

Likewise, in *Boltax v Joy Day Camp* (67 NY2d 617), the Court of Appeals determined that the reckless conduct of the plaintiff, an adult experienced in swimming who admittedly was familiar with the various water levels at each part of the pool in which he had been swimming but who nevertheless chose to dive headfirst from a lifeguard chair into shallow water, constituted an unforeseeable superseding event that absolved the defendant of liability.

Here, while plaintiff admittedly was an experienced swimmer and diver, he was not intimately familiar with the site where he was injured, as was the case in *Olsen (supra)* and *Boltax (supra)*, the day of the accident having been the first time that he had visited the area. He had seen numerous people dive from the platform on that day without incident. Additionally, before executing his dive, plaintiff swam to the area immediately below the platform, dove to the bottom and ascertained that the water depth was safe for diving. Having satisfied himself of that fact, he climbed to the platform and dove. Unfortunately, when he executed his dive, the platform proved to be unanticipatedly "springy", which caused him to drift some five feet to the right of the area in which he had intended to enter the water, where he struck his head on the creek bottom sustaining debilitating injuries.*

In our view, unlike the plaintiffs in *Olsen (supra)* and *Boltax (supra)*, plaintiff here did not dive into a place he knew was fraught with danger in reckless disregard for his own well-being. Contrary to the majority's conclusion, plaintiff's precautions taken prior to executing his dive seem to us to have been altogether reasonable rather than reckless. In short plaintiff, having ascertained the water depth below the platform to be sufficient for diving and having observed others diving into that area without incident, cannot be said, as a matter of law, to have acted recklessly, thereby relieving defendants of liability. And while it may well be argued that plaintiff was negligent in not ascertaining the "springiness" of the platform prior to diving, that fact hardly raises plaintiff's conduct to the level necessary to decide the question of legal causation as

---

* There is no record evidence, as asserted by the majority, that plaintiff deliberately altered his dive in midair to land further from shore where he wrongfully assumed the water to be deeper. Although such conduct, if it indeed occurred, arguably might amount to recklessness, the majority's conclusion that "it was plaintiff's own reckless dive headfirst into an area of water which he could only assume was of sufficient depth that constituted an unforeseeable superseding event relieving defendants of liability" is completely unsupported by the record.

a matter of law. Accordingly, we would reverse and deny defendants' motions for summary judgment dismissing the complaint.

Cardona, P. J., concurs. Ordered that the order is affirmed, with one bill of costs.