■ James Butler, Appellant, v James Marshall, Respondent. [663 NYS2d 381] —Carpinello, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered November 13, 1996 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

In June 1995, William Bailey lived rent-free in a home owned by defendant on his 213-acre horse farm in the Village of Chittenango, Madison County. The only condition of the tenancy was that neither William Bailey—a recovering alcoholic—nor any other resident of the house use any alcohol on the premises. At that time, Bailey's brother and mother resided in the house

with him. On June 18, 1995, unbeknownst to defendant who was neither present at the property nor resided thereon, Bailey's brother hosted a barbecue at the house. After a few hours of drinking, plaintiff, a guest at the party, decided to go swimming with others in a pond located on the farm. Feeling the "mild affects" of alcohol, plaintiff dove off the right side of a dock into the pond and sustained serious, although not life-threatening, injuries to his neck.

Plaintiff seeks to recover for these injuries on the ground that defendant was negligent in failing to warn or prohibit people from diving off the dock or advising them of the pond's depth. At issue on appeal is Supreme Court's order granting summary judgment to defendant.

We affirm. In our view, defendant could not have reasonably foreseen the recreational use of this pond by, among others, plaintiff; therefore, he was not obligated to prevent such use or make his facility safe for such use (see, *Tillman v Niagara Mohawk Power Corp.*, 199 AD2d 593, 594). The pond, located 1,000 feet from the road on private property which had been posted with no trespassing signs, was unobservable from the road. Even the attendees at the barbecue had to drive to the pond from Bailey's house. Significantly, there were no objects around the pond, such as picnic tables or swings, to suggest that it might be available for recreational or public use. The pond was used to catch run-off water from another pond on the property used for swimming horses and had not been used for recreational purposes to defendant's knowledge since 1988. The dock was installed to permit defendant to "drop a suction line into the water".

Although the oral lease between Bailey and defendant did not specifically restrict Bailey or his family members to the house on the property, we note that prior to plaintiff's accident defendant had specifically denied Bailey permission to use the pond for fishing. Moreover, it was uncontradicted that Bailey's brother did not have specific permission to use the pond. In view of these facts, it was not reasonably foreseeable that persons would use the pond for recreational purposes and defendant is absolved from a cognizable duty of care to such users, including plaintiff.

Even assuming that defendant owed a duty to warn of the dangers associated with the pond, "plaintiff must nevertheless establish, as part of a prima facie case, that the conduct of the defendant[] was the legal cause of [his] injuries" (*Kriz v Schum*, 75 NY2d 25, 34). In negligence actions arising out of diving accidents in ponds and other similar bodies of water,

the element of causation can be resolved on summary judgment where the record eliminates any legal cause other than reckless conduct of the plaintiff or where, notwithstanding any negligent conduct on the defendant's part, the conduct of the plaintiff was so reckless that it constituted an unforeseeable superseding event sufficient to break the causal chain (*see, Olsen v Town of Richfield*, 81 NY2d 1024; *Johnson v Harrington*, 215 AD2d 857, 858, *lv denied* 87 NY2d 802). In our view, plaintiff's decision to jump into the pond at dusk after consuming several alcoholic beverages having no idea of the depth of the water was reckless conduct. Plaintiff, who had prior diving experience in lakes and lagoons, knew how to ascertain water's depth generally and acknowledged that if he was able to see through a body of water, he could get an idea of its depth. Plaintiff admitted, however, that prior to jumping into the pond he did not see anyone standing in the water and was unable to see "through the water" because it was dark and "in no means clear". He also readily acknowledged that he had no idea how deep the pond was before deciding to dive into it. Under these circumstances, plaintiff's disregard of common sense concerning his own safety was the proximate cause of his injuries (*see, id.; see also, Smith v Stark*, 67 NY2d 693; *Lionarons v General Elec. Co.*, 215 AD2d 851, *affd* 86 NY2d 832; *Rowell v Town of Hempstead*, 186 AD2d 553, *lv denied* 81 NY2d 703; *Mosher v State of New York*, 145 AD2d 682, 683, *lv denied* 73 NY2d 708).

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.