CHRISTOPHER TAYLOR, Respondent, v VILLAGE OF ILION, Appellant and Third-Party Plaintiff-Respondent. SPORTING

GOODS PROPERTIES, INC., Third-Party Defendant-Appellant. [695 NYS2d 467] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this negligence action after being rendered a quadriplegic as a result of diving head-first into Steele Creek, owned by defendant, Village of Ilion (Village). He contends that the Village failed to exercise reasonable care in warning against or preventing the use of its property for swimming and diving. Plaintiff dove into the creek at the foot of a waterfall created by the English Street Dam, located only 20 to 30 feet from a Village swimming pool. The Village had posted no trespassing signs; however, Village officials were aware that area youth had built a barricade at the foot of the waterfall so as to deepen the water, creating a "swimming hole" that for many years was regularly used for swimming, jumping and diving. It is undisputed that plaintiff, age 18 at the date of the accident, was an experienced swimmer and diver, but had never been at the English Street Dam, and did not know how to execute a shallow dive. At the foot of the dam, the water was approximately six feet deep, rapidly becoming more shallow in all directions. Plaintiff's companion dove from a concrete abutment 10 feet above, and stood up in waist-deep water at a point five to six feet from where he had struck the water. In response to a question by plaintiff regarding the depth of the water, his companion replied that it was "deep enough." Plaintiff then dove into the same area where his friend had dived and struck his hands and head on the creek bottom.

Supreme Court properly denied the motion of the Village for summary judgment dismissing the complaint. The Village failed to meet its initial burden of establishing that it discharged its duty to maintain its property in a reasonably safe condition as a matter of law (*see, Roberts v Town of Colchester*, 139 AD2d 819, 821; *see also, Johnston v State of New York*, 127 AD2d 980, *lv denied* 69 NY2d 611). Further, we agree with the court that whether the conduct of plaintiff was reckless and thus constituted an unforeseeable superseding cause of his injury is an issue of fact for trial (*see, Denkensohn v Davenport*, 75 NY2d 25, 36-37; *Ziecker v Town of Orchard Park*, 75 NY2d 761, 763; *cf., Lionarons v General Elec. Co.*, 215 AD2d 851, *affd* 86 NY2d 832; *Olsen v Town of Richfield*, 81 NY2d 1024, 1026; *Boltax v Joy Day Camp*, 67 NY2d 617, 619-620).

Plaintiff's conduct did not constitute a primary assumption of risk. Rather, assumption of risk here, as in *Weller v Colleges*

*of the Senecas* (217 AD2d 280), *McKenney v Dominick* (190 AD2d 1021) and *Lamey v Foley* (188 AD2d 157), is an issue of comparative culpable conduct.

The court erred, however, in denying that part of the motion of third-party defendant, Sporting Goods Properties, Inc. (SGP), for summary judgment dismissing the third-party complaint on the ground that the first-party action was not timely commenced (*see,* General Municipal Law § 50-i). We previously held that the court erred in granting the motion of the Village to amend its answer to assert the affirmative defense of Statute of Limitations, determining that plaintiff would be significantly prejudiced thereby (*Taylor v Village of Ilion,* 231 AD2d 923). Our prior holding with respect to the Village, however, is no impediment to SGP's assertion of the affirmative defense (*see, Burns v City of Binghamton,* 39 AD2d 1009, *affd* 33 NY2d 555; *see also, Lewis v Borg-Warner Corp.,* 35 AD2d 722; *Marrone v Johnson & Sons,* 283 App Div 1114). We therefore modify the order by granting in part SGP's motion for summary judgment and dismissing the third-party complaint. (Appeals from Order of Supreme Court, Herkimer County, Parker, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.