■ In the Matter of SHIRLEY F. W. and Another, Infants. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHAWN W., Appellant. [715 NYS2d 364] —Order unanimously affirmed without costs for reasons stated in decision at Monroe County Family Court, Taddeo, J. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.

■ JULIE M. MORTIS, Respondent, v BEVERLY D. DITTL, Appellant. [715 NYS2d 182] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this negligence action to recover damages for injuries she sustained when she dove into Fourth Lake from the end of a dock located on property owned by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's reckless conduct was an unforeseeable superseding event and thus the sole legal cause of plaintiff's injuries. Supreme Court denied the motion, finding an issue of fact whether plaintiff's conduct was reckless. That was error. Plaintiff, who was then 18 years old and had taken swimming and diving lessons, was a first time guest at defendant's lakefront property. At about 10:00 P.M., after drinking some beer, plaintiff dove from the end of defendant's dock into shallow water and struck her head on the lake bottom. Although earlier that day she had observed two friends near the dock in water below their waists, when she dove into the lake she admittedly could not see even the surface of the water and had "no idea" of its depth. Thus, "it was plaintiff's own reckless dive headfirst into an area of water which [s]he could only assume was of sufficient depth that constituted an unforeseeable superseding event relieving defendant[ ] of liability" (*Lionarons v General Elec. Co.*, 215 AD2d 851, 852-853, *affd* 86 NY2d 832 *for reasons stated below*; *see, Valle v City of New York*, 247 AD2d 534, *lv denied* 92 NY2d 809; *Butler v Marshall*, 243 AD2d 971, 972-973; *cf., Denkensohn v Davenport*, 75 NY2d 25, 37; *Taylor v Village of Ilion*, 265 AD2d 841, 842). (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.