JUSTIN BROOKS, Appellant, v MICHAEL SAUM et al., Respondents. [842 NYS2d 632]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 2, 2006 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he tripped or slipped while diving into the above-ground pool owned by defendants, thereby causing him to lose his balance and alter his dive. According to plaintiff, the accident resulted from a defect in the wooden decking adjacent to the pool. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. We conclude on the record before us that there is a triable issue of fact whether defendants were negligent in their maintenance of the premises (*see generally Frazier v Pioneer Cent. School Dist.*, 298 AD2d 875 [2002]; *Gentile v University of Rochester Med. Ctr.*, 292 AD2d 874 [2002]). Moreover, on the record before us, it cannot be

determined as a matter of law that plaintiff's conduct in diving into the pool was an unforeseeable act of recklessness that broke the causal connection between defendants' alleged negligence and plaintiff's injuries and thus was the sole proximate cause of plaintiff's injuries (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 534-535 [1991]; *Ziecker v Town of Orchard Park*, 75 NY2d 761, 763 [1989]; *Kriz v Schum*, 75 NY2d 25, 36-37 [1989]; *cf. Olsen v Town of Richfield*, 81 NY2d 1024, 1026 [1993]; *Howard v Poseidon Pools*, 72 NY2d 972, 974-975 [1988]). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.