■ MIKHAIL TKESHELASHVILI et al., Appellants, v STATE OF NEW YORK, Respondent. [897 NYS2d 297]—

Malone Jr., J. Appeal from an order of the Court of Claims (Collins, J.), entered October 6, 2008, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Claimant Mikhail Tkeshelashvili (hereinafter claimant) sustained serious physical injuries after diving off the Colgate Lake Dam into Colgate Lake, which is located in Greene County in a portion of the Catskill Park Forest Preserve designated as "wild forest." Claimant and his wife, derivatively, filed this claim seeking damages alleging that defendant was negligent by failing to maintain the lake and the dam in a reasonably safe condition, thereby causing his injuries. Finding claimant's actions to be reckless and the accident an unforeseeable event, the Court of Claims denied claimants' motion for partial summary judgment and granted defendant's motion for summary judgment dismissing the claim. Claimants appeal.

We agree with the Court of Claims that the sole legal cause of claimant's injuries was his own reckless conduct in diving into

the water, which he knew or should have known was too shallow for diving (*see Boltax v Joy Day Camp*, 67 NY2d 617, 620 [1986]). The record establishes that claimant was familiar with the lake as he and his family frequently swam in the lake in the five years preceding the accident. Given claimant's familiarity with the lake and his admitted awareness of the fluctuating water level,* he knew or should have known that the depth of the water was not safe for diving (*see Lionarons v General Elec. Co.*, 215 AD2d 851, 852-853 [1995], *affd* 86 NY2d 832 [1995]; *Adornato v Town of Smithtown*, 212 AD2d 561, 561-562 [1995]; *see also Finguerra v Conn*, 252 AD2d 463, 465-466 [1998]). Indeed, claimants' own evidence established that, even under the best circumstances, the water in the area where claimant dove is never more than four feet deep. Under these circumstances, we find that claimant's conduct was sufficiently reckless to constitute an unforeseeable superseding act (*see Olsen v Town of Richfield*, 81 NY2d 1024, 1026 [1993]; *Butler v Marshall*, 243 AD2d 971, 972-973 [1997]; *DeRosa v U.S. Dredging Corp.*, 215 AD2d 625 [1995]).

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs. **[Prior Case History: 21 Misc 3d 1113(A), 2008 NY Slip Op 52063(U).]**

---

* Claimant admitted that on some visits the water flowed over the dam's spillway and that at other times the water level was below the spillway.