OPINION OF THE COURT
Phillip R. Rumsey, J.
Plaintiff commenced this action to recover for injuries that he *1101 sustained on April 2, 2010, when he dove from a dock extending into Cayuga Lake from real property at defendants’ residence located at 1166 East Shore Drive, Lansing. Defendants move for summary judgment dismissing the complaint.
The facts are largely undisputed. The property was owned by defendant Michael St. Denis from October 2006 through January 2010. After selling the property, defendants continued to reside at the property until May 2010, pursuant to an agreement with the new owner. A wooden T-shaped dock extends west into Cayuga Lake. A wooden ladder is located at the southern end of the east side of the portion of the dock that runs north to south (facing toward the shore) (see affirmation of Barney F. Bilello, Esq., dated Mar. 11, 2013 [Bilello affirmation], exhibit H). Defendant Deanna St. Denis is plaintiff’s sister. April 2, 2010 was Good Friday, and the afternoon temperature was approximately 85 degrees. Plaintiff, his wife Melissa, and their children visited defendants and their children at the property on that date, with plaintiff arriving after work. The children played in the water along the shoreline and the four adults initially sat and visited on the dock. Defendants entered the house, leaving plaintiff and his wife on the dock wearing bathing suits. Plaintiff testified that he was wearing a bathing suit that he had borrowed from defendant because it was more comfortable than his work jeans on the hot afternoon, and that he had no intention of entering the water because he knew that it would be extremely cold. His wife persuaded him to dive into the lake together, calling it a polar plunge or lover’s leap. They stood on the wooden ladder, on a rung just above the water level, and dove toward the shore. Plaintiff struck his head on the shale bed of the lake, sustaining injuries. Melissa’s hands struck the bottom of the lake, but she was uninjured.
Plaintiff and his wife were familiar with the area where they dove into the lake from the ladder. They had visited the property on numerous occasions when it was owned by Michael St. Denis. During warmer weather, they regularly swam in the lake and jumped and dove from the dock. Plaintiff testified that on previous occasions he had safely dived into the lake in the same location. The lake was estimated to be approximately six to seven feet deep in that area during the normal swimming season, based, in part, on testimony that one could not reach the ladder by walking — it was necessary to swim to reach the ladder from the shore. Defendants were aware that the level of the lake was regulated and, as a result, fluctuated seasonally, *1102 but plaintiff was not. The level of the lake is intentionally lowered in the fall to create storage capacity for spring runoffs caused by snow melt and seasonal precipitation; it is typically at its lowest in March, increases through March and April, and attains its highest level in May (see Bilello affirmation 11 5 n 1 [citation to a website maintained by the New York State Canal Corporation at http://www.canals.ny.gov/waterlevels/oswego/ index.html]; see also Bilello affirmation, exhibit G [transcript of examination before trial of Michael St. Denis (herein defendant EBT tr) at 17-19]). None of the parties were able to recall swimming in the lake prior to May. The accident occurred on April 2, 2010, when the level of the lake would ordinarily be near its low point (id. [chart showing seasonal levels of Cayuga Lake posted at http://www.canals.ny.gov/waterlevels/oswego/rule-curves/ cayuga.pdf]). In fact, defendant Michael St. Denis testified that the water level was low on the date of the accident — approximately three feet below typical high levels (defendant EBT tr at 19-20). Plaintiff contends that defendants were negligent in failing to warn him of the lower water level on the date of the accident.
Defendants’ initial argument in support of their motion for summary judgment — that they had no duty to warn plaintiff of dangerous conditions on Cayuga Lake, which they characterize as adjoining property — is unavailing. The owner of a structure from which a person dives into water on adjoining property may be held liable for the resulting injuries (see Roberts v Town of Colchester, 139 AD2d 819 [1988]; see also Coe v Ta-Ga-Soke Campgrounds, 162 AD2d 980 [1990]).
Defendants also argue that summary judgment dismissing the complaint must be granted for the reason that plaintiffs own reckless conduct in diving into the lake without knowing the depth of the water or the contour of the lake bed was the sole proximate cause of his injuries. A defendant is relieved of liability where, after his negligence, an unforeseeable superseding event breaks the causal connection between his negligence and a plaintiffs injuries (see Kriz v Schum, 75 NY2d 25, 34-35 [1989], citing Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Roberts, 139 AD2d at 821-822, also citing Derdiarian at 315). There is a substantial body of case law considering the issue of whether the conduct of plaintiffs who sustain a diving injury was foreseeable, or whether it was so reckless as to constitute a superseding event absolving the defendants of liability. A significant factor in those cases is the plaintiffs knowledge of *1103 conditions prior to diving. It is typically not unforeseeable, as a matter of law, that a plaintiff would choose to dive into water of unknown depth (see Ziecker v Town of Orchard Park, 75 NY2d 761 [1989]; Kriz, 75 NY2d at 36-37; Mason v Anderson, 300 AD2d 551 [2002]; Walter v Niagara Mohawk Power Corp., 193 AD2d 1065 [1993]; Searles v Town of Horicon, 166 AD2d 867 [1990]; Coe, 162 AD2d 980; Roberts, 139 AD2d 819; see also Taylor v Village of Ilion, 265 AD2d 841 [1999] [plaintiff believed the area to be safe for diving after witnessing a friend safely complete a dive]). However, where plaintiff is unaware of the water depth, and his or her decision to dive or jump is reckless, plaintiffs conduct is deemed unforeseeable and, therefore, a superseding cause of his or her injuries, as a matter of law (see Butler v Marshall, 243 AD2d 971 [1997] [plaintiff jumped into a secluded pond at dusk after consuming several alcoholic beverages without having any idea of its depth]; Johnson v Harrington, 215 AD2d 857 [1995], lv denied 87 NY2d 802 [1995] [plaintiff dove into unfamiliar waters after dark without knowledge of local conditions after having consumed several beers]; see also Mortis v Dittl, 275 AD2d 940 [2000] [plaintiff could only have erroneously assumed that the water was of sufficient depth for diving after seeing two friends standing in water that did not reach their waists]; Lionarons v General Elec. Co., 215 AD2d 851 [1995], affd on mem below 86 NY2d 832 [1995] [it was not the plaintiffs failure to be aware of diving conditions that absolved defendant of liability, but his failure to ascertain the reaction of the diving board before executing a high dive into a shallow creek; although he had investigated the water depth prior to his dive after witnessing others safely complete dives, the “springy” nature of the diving board surprised the plaintiff, affecting his dive and causing him to land in a shallow area that was only two feet deep]).
A plaintiffs conduct is also deemed unforeseeable, and therefore sufficiently reckless to absolve the defendant of liability, as a matter of law, where he or she executes a dive with the knowledge that the water is too shallow to permit safe diving (see Tkeshelashvili v State of New York, 18 NY3d 199 [2011] [plaintiff should have known from conditions with which he was very familiar that the water was only two feet deep when he dove (near the dam where plaintiff dove, spillways limited the maximum depth to four feet, and the water level was readily observable to be two feet below the spillways)]; Olsen v Town of Richfield, 81 NY2d 1024 [1993] [plaintiff had jumped or dived in the area hundreds of times over five years, and knew that a in a small area]; Howard v Poseidon Pools, 72 NY2d 972 [1988] *1104 dive could be completed safely only by executing a shallow dive [plaintiff had been swimming in the pool for 45 minutes prior to the accident, could see the bottom, and knew that the water was shallow]; Boltax v Joy Day Camp, 67 NY2d 617 [1986] [plaintiff admitted his familiarity with water levels at each part of the pool]; DeRosa v U.S. Dredging Corp., 215 AD2d 625 [1995] [plaintiff was familiar with the water depth]; Rowell v Town of Hempstead, 186 AD2d 553 [1992], lv denied 81 NY2d 703 [1993], rearg dismissed 81 NY2d 936 [1993] [plaintiff had been swimming in the area where he dove for 15 minutes prior to the accident and knew from experience how to determine whether the tide was high or low]; see also Clifford v Harrow Stores, 256 AD2d 602 [1998] [plaintiff had been familiar with pool for seven years and could see the bottom before stepping into the pool and injuring her ankle]).
The uncontradicted testimony here shows that (1) with the bottom of the lake not visible, plaintiff believed that the water was deep enough to dive safely, based on the fact that he had done so on numerous occasions in the past; (2) plaintiff believed that the water was more than six feet deep in that location, based on his experiences during the typical swimming season; and (3) plaintiff was unaware that water depth in the lake was regulated and fluctuated seasonally. Under such circumstances and the foregoing principles, it cannot be said that with his lack of awareness that the water was too shallow to permit him to dive safely on the date of the accident, his decision to do so was so reckless as to constitute the sole proximate cause of his injuries, as a matter of law (see Walter, 193 AD2d 1065; Coe, 162 AD2d 980). However, although plaintiffs failure to notice that the lake level was lower than it typically was when he had safely dived in the same location on previous occasions does not constitute a superseding cause of negligence, as a matter of law, it may be considered by the finder of fact on that issue and is relevant to the extent of his comparative fault, if any (see e.g. Ziecker, 75 NY2d 761 [plaintiff’s lack of knowledge of water depth precluded determination that his conduct was a superseding act absolving defendant from liability; however, the jury found him to be 70% liable for his own injuries]).
Based on the foregoing, defendants’ motion must be, and hereby is, denied.